IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALEXSAM, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:19-CV-331-RWS-RSP |
| | § | |
| SIMON PROPERTY GROUP (TEXAS), | § | |
| L.P., BLACKHAWK NETWORK, INC., | § | |
| US BANK NA, | § | |
| | § | |
| *Defendants.* | § | |

# **ORDER**

Before the Court are two motions: (1) the Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,000,608 (the " '608 Patent") ("Simon Non-Infringement Motion") (Docket No. 304) filed by Defendant Simon Property Group (Texas), L.P. ("Simon") and (2) the Motion for Summary Judgment of Non-Infringement of the '608 Patent ("Blackhawk Non-Infringement Motion") (Docket No. 309) filed by Defendant Blackhawk Network, Inc. ("Blackhawk"). Magistrate Judge Payne entered a Report and Recommendation ("R&R") (Docket No. 417) and recommended granting both the Simon Non-Infringement Motion (Docket No. 304) and the Blackhawk Non-Infringement Motion (Docket No. 309). Plaintiff AlexSam, Inc. has filed Objections (Docket No. 421) to which Simon (Docket No. 425) and Blackhawk (Docket No. 424) have responded. The Court held a hearing on these motions on February 10, 2022. Docket No. 430.

The Court reviews the objected-to portions of the R&R *de novo*. *See* FED. R. CIV. P. 72; *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those

portions of the report or specified proposed findings and recommendations to which objection is made."). The Court conducting a *de novo* review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

After review of the R&R, the Federal Circuit's decision in *AlexSam, Inc. v. IDT Corp.*, 715 F.3d 1336 (Fed. Cir. 2013) ("*IDT*") and *AlexSam, Inc. v. Datastream Card Servs. Ltd.*, No. 2:03-cv-337, 2005 WL 6220095 (E.D. Tex. June 10, 2005) ("*Datastream*"), the Court agrees with the R&R. In particular, the R&R assessed *IDT* and properly weighed its application to this case. Consequently, Magistrate Judge Payne properly determined that Defendants Simon and Blackhawk did not infringe the asserted '608 Patent.

AlexSam objects to the R&R in several different respects. Docket No. 421. The Court addresses each of AlexSam's objections in turn. First, AlexSam contends the R&R "offer[s] a different understanding of the claim term 'unmodified' than as stipulated to by the parties." *Id.* at 1. AlexSam argues that the R&R effectively applied a new claim construction. *Id.* at 5–12. In addition, AlexSam asserts that the R&R disregarded intrinsic evidence—in particular, that the "prosecution history explains that the term 'unmodified' was added to the claim language to 'differentiate' the invention over the *Stimson* patent." *Id.* at 3.

However, the R&R does not put forth a new claim construction for the term "unmodified." Rather, the R&R noted the parties' agreed upon construction of "unmodified existing standard point-of-sale device" is "[a] terminal, for making purchases, that is of the type in use as of July 10, 1997, and that has not been reprogrammed, customized, or otherwise altered with respect to its software or hardware for use in the card system." Docket No. 417 at 9 (citing Docket No. 269 at 48–49). Rather than provide a new construction for the "unmodified" term, the R&R clarified the

claim's scope,[1] in light of the Federal Circuit's determination in *IDT*, and the evidence AlexSam needed to meet its burden on infringement. The R&R's application and analysis is proper.

Further, the R&R considered and rejected AlexSam's contention about the nature of the *Stimson* reference. Docket No. 417 at 8–12. The R&R properly determined that the construction comported with the district court's determination in *Datastream* that "[i]t is a stretch of grammar to propose a construction of the simple word 'unmodified' that is divorced from the meaning actually implied by the word itself, which is *without modification*." *Id.* at 11 (citing Docket No. 334-2 at 9 (*Datastream* claim construction order)). Accordingly, the *Datastream* Court and the R&R rightly determined it was improper to limit "unmodified" to mean "other than for use in a closed system." *Id.*

Next, AlexSam argues that the R&R incorrectly concluded that its position had been rejected in *IDT* and *Datastream*. Docket No. 421 at 4–8. AlexSam effectively asks the Court for a belated claim construction to interpret "for use in the card system" in a manner inconsistent with the *Datastream* Court's determination (*id.* at 11–12) which supplied the construction of "unmodified existing standard POS device" as the parties agreed upon here and the Court adopted. Docket No. 269 at 48–49.

The *Datastream* Court denied AlexSam's contention that "unmodified existing standard retail point-of-sale [POS] device" "means 'a device such as a standalone POS terminal, cash register with POS interfacing, computer with POS interfacing or other similar device that recognizes bank identification numbers, other than for use in a closed system.' " Docket No. 334-2 at 8. The court reasoned that "[i]t is a stretch of grammar to propose a construction of the simple

---

[1] AlexSam's initial concern about the R&R's clarification of the scope of the asserted claims is misplaced. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362–63 (Fed. Cir. 2008) (When the parties have a "fundamental dispute regarding the scope of a claim term," the Court has the duty to resolve that dispute.). Courts have an affirmative duty to clarify a claim's scope before trial. *Id*. Magistrate Judge Payne appropriately did so here.

word 'unmodified' that is divorced from the meaning actually implied by the word itself, which is without modification." *Id.* at 9. The Court agrees with the R&R and will abide by the *Datastream* Court's determination not to limit the term "unmodified" to mean "other than for use in a closed system." *Id.*

Further, AlexSam maintains that the R&R failed to examine the totality of the evidence presented in the light most favorable to AlexSam as the non-movant. Docket No. 421 at 9–11. However, the R&R indicated that the evidence put forth in this matter is substantially the same as that presented in *IDT*. Docket No. 417 at 12–14.

As the R&R recognized, AlexSam relied on an expert in *IDT* and in this matter. *Id.* Contrary to AlexSam's contention that "the *IDT* Court criticized AlexSam's expert for producing **no** evidence," (Docket No. 421 at 7 (emphasis in original)) the Federal Circuit in *IDT* noted that AlexSam's *IDT* expert did testify—but only "in [a] cursory manner." *IDT*, 715 F.3d at 1342. In particular, AlexSam's *IDT* expert testified "that no modifications were actually made to the terminals' software in order to allow them to activate IDT's cards . . ." and "AlexSam's other witness, Brent Hranicky, testified that no modifications were 'necessary' to allow a standard POS terminal to read an IDT card, and that terminals in use in 1997 could perform 'the same basic functions for use in a card system that are performed by point-of-sale devices today.' " *Id.*

Ultimately, as the R&R recognized, there is no relevant difference between the evidence AlexSam presented in *IDT* compared to what AlexSam presented at summary judgment in this matter:

> AlexSam did not cure the defects *IDT* identified. [AlexSam's new expert] Mr. Zatkovich merely draws a different conclusion from essentially the same evidence collected by Mr. Baker and Mr. Hranicky. No different outcome would have resulted had Mr. Baker and Mr. Hranicky testified consistently with Mr. Zatkovich's disclosed reasoning and conclusions. *IDT* concluded that merely

> having a number of standard transactions from standard POS devices, without more, does not provide a basis to conclude that the POS terminals were themselves 'unmodified.'

Docket No. 417 at 13. While Zatkovich may have elicited further testimony, technical details and specifications in support of AlexSam's infringement position, the R&R properly determined that the evidentiary materials marshalled here are indistinguishable from that deemed insufficient in *IDT*. *Id.*

The R&R also highlighted AlexSam's admission concerning the multiple modifications that have been performed on the accused POS devices. *Id.* at 13–14 (citing Docket No. 334 at 27). The Court agrees that AlexSam did not meaningfully respond to Defendants' contention that their POS devices are modified so significantly that they would not be within the scope of "unmodified" POS devices. *Id.* (citing Docket No. 304 at 11; Docket No. 309 at 29).

Finally, AlexSam argues that to make a "change to the construction of 'unmodified' at the summary judgment stage violates AlexSam's due process rights." Docket No. 421 at 12. As explained above, the Court has not changed the term's construction so AlexSam has not been deprived of "an opportunity of learning of the Court's alternative interpretation of this claim term." *Id.* Accordingly, this objection is without merit.

After conducting a *de novo* review of the briefing on both motions, the R&R, the claim construction briefing and order, as well as the briefing on AlexSam's Objections, the Court agrees with the reasoning provided within the R&R and concludes that AlexSam's Objections fail to show that the R&R was erroneous. Consequently, the Court **OVERRULES** AlexSam's Objections and **ADOPTS** the R&R (Docket No. 417) as the opinion of the Court. It is therefore

**ORDERED** that the Simon Non-Infringement Motion (Docket No. 304) is **GRANTED** and the Blackhawk Non-Infringement Motion (Docket No. 309) is **GRANTED**.

IT IS SO ORDERED.

**SIGNED this 16th day of March, 2022.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE