IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALEXSAM, INC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 2:19-cv-331-RWS-RSP |
| § | |
| SIMON PROPERTY GROUP, L.P., and § | |
| BLACKHAWK NETWORK, INC., § | |
| § | |
| *Defendants*. § | |

## REPORT & RECOMMENDATION

Before the Court is the Motion to Clarify and/or Amend the Amended Final Judgment filed by Defendant Simon Property Group, L.P. **Dkt. No. 482**; and Dkt. No. 486. Simon Property seeks the amendment or clarification to "make clear that the Court entered judgment only on the first-party non-infringement and invalidity claims pursuant to Rule 54(b), and that Simon's unadjudicated third-party claims for defense and indemnification against third-party defendants Blackhawk Networks, Inc. ("Blackhawk") and American Express Travel Related Services Company, Inc. ("AmEx") remain unresolved (and stayed) pending appellate review of the Amended Final Judgment." *Id.* at 2.[1] Plaintiff AlexSam, Inc. opposed the motion with a response and sur-reply brief. Dkt. Nos. 484, 488.

The Court held a motion hearing on June 20, 2024, and heard argument on Dkt. No. 482. For the reasons expressed at the hearing, and the further reasons below, it is **RECOMMENDED** that the motion be **GRANTED** to the extent provided below.

---

[1] Defendant American Express was dismissed with prejudice on May 15, 2024. Dkt. No. 503. The instant motion remains pending with respect to Defendant Blackhawk.

1

### A. Motions for Sanctions, Fees, and Costs

The issues argued at the June 20, 2024 hearing centered on whether the Amended Final Judgment (Dkt. No. 478), entered on August 22, 2022, extended to the then pending motions for sanctions, fees, and costs.[2] After consideration of the Parties' briefing and the arguments heard at the hearing, the Court found that the motions for sanctions, fees, and costs (Dkt. Nos. 444, 445, 446, & 447) were not dismissed by the Amended Final Judgment. *See* Dkt. No. 521 at 32:23-25–33:1.

### B. Federal Circuit Appeal

At the hearing, the Parties raised the issue of a recent ruling from the Federal Circuit regarding the above-captioned case. The Court directed the parties to file supplemental briefs. Defendants Blackhawk and Simon Property filed a supplemental brief in support of the instant motion and Plaintiff Alexsam responded. Dkt. No. 523 (Defendants' brief); Dkt. No. 524 (Plaintiff's response).

Central to this dispute is the Federal Circuit's *per curiam* ruling denying Defendants Blackhawk and Simon Property's motion for sanctions against Plaintiff Alexsam. Dkt. No. 516-1 (Federal Circuit decision). Defendants' appellate motion asserted that Defendants were entitled to "reasonable attorney fees they have incurred defending against this frivolous and exceptional appeal." Dkt. No. 516-2 (Defendants' opening brief before the Federal Circuit). Defendants contend that the *per curiam* denial of their appellate motion does not preclude the requests for fees and costs before this Court. Dkt. No. 523. Plaintiff Alexsam responds that this Court should deny the motions for fees and sanctions since "[t]he same grounds argued by Defendants in their fee

---

[2] *See* Motion for Attorneys' Fees and Costs (Dkt. No. 444) filed by Defendant Simon Property (filed 4/1/2022); Motion for Fees and Sanctions (Dkt. No. 447) filed by Defendant Blackhawk (filed 4/1/2022); *see also* Motion for Bill of Costs (Dkt. No. 445) filed by Simon Property (filed 4/1/2022); Motion for Bill of Costs (Dkt. No. 446) filed by Blackhawk (filed 4/1/2022).

motions were submitted to the Federal Circuit . . . and were denied." Dkt. No. 524 at 2. Plaintiff further represents that "AlexSam has never said that the Federal Circuit ousted this Court's jurisdiction over collateral matters such as costs, attorney fees, or sanctions." *Id.*

As expressed to the Parties at the hearing, the Court finds that the Federal Circuit denial of appellate fees does not weigh on whether the motions for fees and sanctions connected to these proceedings are still live for consideration before this Court. *See* Dkt. No. 521 at 31:14–16.

### C. Indemnification Claims

Defendant Simon Property asserts that, in addition to the motions regarding fees, sanctions, and costs, its third-party claims for indemnification by Defendant Blackhawk are still live. Dkt. No. 482 at 2–3; *see* Dkt. No. 521 at 27–28. Simon Property contends that its Third-Party Complaint against Blackhawk (Dkt. No. 43) and the Motion for Summary Judgment regarding the claims against Blackhawk (Dkt. No. 306) are still live. The instant motion indicates that the relief sought is "that Simon's third-party claims against Blackhawk are stayed pending Alexsam's appeal of the Amended Final Judgment." Dkt. No. 482 at 8.

Defendant Simon Property contends in the joint status report filed on May 22, 2024, that "resolution of the patent infringement claim between AlexSam and Simon [Property] did not moot the third-party defense and indemnification claims—these claims are controlled by the contractual obligations of Simon [Property] and Blackhawk and need to be resolved once there is a final adjudication of the infringement case on appeal." Dkt. No. 511 at 8. Defendant Blackhawk responds that Simon Property has waived its ability to further pursue its third-party claims since Simon Property "failed to request or obtain leave from the Federal Circuit, as required, prior to filing its Motion to Amend the Amended Final Judgment under Fed. R. Civ. P. 60(a), failed to move to dismiss AlexSam's appeal for lack of jurisdiction, and failed to appeal the Amended Final

3

Judgment with respect to [Simon Property]'s third-party claims and has thus waived its ability to further pursue those claims against [Blackhawk]." Dkt. No. 511 at 11 (internal docket citations removed).

Defendant Simon Property contends that while the motion is not required to specify under what rule it is brought, the motion with regards to the third-party claim was pursuant to Rule 59(e) and an alternative request under Rule 60(a). Dkt. No. 511 at 9. Defendant Blackhawk indicates that the characterization of the motion being pursuant to Rule 59(e) is not apparent from the document itself and is raised for the first time in the joint status report. Dkt. No. 511 at 12 n.6; Dkt. No. 521 at 28:19–23. Should the motion be considered pursuant to Rule 59(e), Blackhawk argued at the hearing that Simon Property's failure to "seek Rule 54 certification or move to dismiss the appeal for lack of jurisdiction" should prevent the Court from finding that the indemnification claim is still live. Dkt. No. 521 at 29:3–9.

Simon Property's Third-party Complaint alleges "breach of contract and declaratory relief arising out of Blackhawk's breach of its obligations to defend and indemnify [Simon Property] in the above captioned suit brought by [AlexSam] for alleged patent infringement[.]" Dkt. No. 43 at 1. Subsequently, Simon Property filed a Motion for Summary Judgment seeking resolution of "whether Blackhawk has a contractual duty to defend and indemnify [Simon Property] for a lawsuit filed by [AlexSam] arising out of the alleged infringement of selling gift cards provided by Blackhawk." Dkt. No. 306; Dkt. No. 343 (reply in support). The Amended Final Judgment was affirmed by the Federal Circuit on April 1, 2024. Dkt. No. 496. As to Defendants' requested relief "that Simon's third-party claims against Blackhawk are stayed pending Alexsam's appeal of the Amended Final Judgment," the Court finds that the requested relief is moot. *See* Dkt. No. 482 at 8. The Court turns to whether the third-party claim was mooted by the Amended Final Judgment.

4

The Order adopting the Report & Recommendation provided that the judgment was being altered to clarify "that the counterclaims of invalidity are moot." Dkt. No. 477. The Court is not persuaded, given this context, to find that Simon Property's third-party claim against Blackhawk is still live. The Amended Final Judgment dispensed with the infringement and invalidity claims from which the third-party claim derived its basis. The Court finds that there was no intent to exclude the third party claim for defense and indemnity from the broad language denying as moot "all … other claims and motions by any party." Accordingly, the Court finds that the Third-Party Complaint against Blackhawk (Dkt. No. 43) and the Motion for Summary Judgment regarding the claims against Blackhawk (Dkt. No. 306) are no longer pending and were mooted by the operative Amended Final Judgment.

### D. Conclusion

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **by no later than September 9, 2024** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 28th day of August, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE