# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ALEXSAM, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 2:19-CV-331-RWS-RSP |
| § | |
| SIMON PROPERTY GROUP (TEXAS), § | |
| L.P., BLACKHAWK NETWORK, INC., § | |
| US BANK NA, § | |
| § | |
| Defendants. § | |

## ORDER

Defendant Simon Property Group, L.P. previously filed a motion to clarify and/or amend the Amended Final Judgment to clarify that its third-party claims against Blackhawk Networks, Inc. remain pending. Docket No. 482. Defendants Blackhawk Network, Inc. and Simon Property Group (Texas), L.P. also jointly filed an opposed motion for a hearing on fees and sanctions motions against Plaintiff AlexSam, Inc. and a contingent motion for correction of the Amended Final Judgment. Docket No. 481. Magistrate Judge Payne held a hearing on these motions (Docket No. 521) and subsequently entered a report and recommendation (Docket No. 528). The report recommended that Defendants' joint motion (Docket No. 481) be granted in part to clarify that Defendants' motions for sanctions, fees, and costs were not dismissed by the Amended Final Judgment; that the Federal Circuit's denial of appellate fees does not resolve the issue of sanctions and fees in this Court; and that Simon's motion (Docket No. 482) to clarify that Simon's indemnification claims against Blackhawk are no longer live be denied.[1] Docket No. 528.

---

[1] The Court recognizes that the report fails to directly cite Docket No. 481. The fact that the report is meant to also address Docket No. 481, however, is clear from the hearing held by the Magistrate Judge and the substance of the report. *See e.g.*, Docket No. 521 at 5:16–21.

AlexSam objected to the report (Docket No. 531), as did Simon (Docket No. 530). Responses to these objections were submitted to the Court. Docket Nos. 539, 541, 542. Simon also moved out of time to request a hearing on its objections. *See* Docket No. 532. The Court heard argument on Simon's and AlexSam's[2] objections on September 19, 2024. *See* Docket No. 543.

I.  **ALEXSAM'S OBJECTIONS ARE OVERRULED**

AlexSam objects to the report's recommendation to clarify that the Amended Final Judgment did not dispose of Defendants' respective motions for sanctions, fees, and costs. *See* Docket No. 531. AlexSam first contends that because the report recommends the Court find that the indemnity claims are not live, the Court should also find the sanctions, fees, and costs motions are not live. *See id.* at 1–2. AlexSam next objects that the report did not cite the proper docket numbers for Defendants' motion for sanctions, fees, and costs. *Id*. at 3. Finally, AlexSam argues that the Amended Final Judgment dismissed Defendants' motions, and the Defendants did not timely refile them. *Id*. at 3–4.

Having reviewed the record and the report's recommendations, the Court is unpersuaded by these objections. First, AlexSam's position that Defendants' motions on sanctions, fees, and costs should be treated the same as Simon's indemnification claims ignores the difference in the procedural history of Defendants' motions for sanctions, fees, and costs. The final judgment entered on March 18, 2022 denied "all motions by either party *not previously ruled on*" as moot. Docket No. 441 (emphasis added). The final judgment, however, did not moot Defendants' motions for sanctions, fees, and costs because these motions had not been filed at the time final judgment was entered. *Compare* Docket No. 441 *with* Docket Nos. 444–47. Subsequently, Defendants moved to alter the final judgment and Judge Payne recommended that the final judgment be amended to replace "All

---

[2] Even though AlexSam did not move for a hearing on its objections, the parties presented oral arguments about whether Defendants' motion for sanctions, fees, and costs remain live.

motions by either party not previously ruled on are hereby DENIED-AS-MOOT" with "All counterclaims or other claims and motions by any party not previously ruled on are hereby DENIED AS MOOT." *See* Docket No. 474 at 5. But, based on Judge Payne's statements at the hearing, the report and recommendation, and the Court's own familiarity with the circumstances surrounding the Amended Final Judgment, the Court agrees that the adoption of this recommendation was not intended to moot the motions for sanctions, fees, and costs filed after final judgment was entered.

Second, as the Court already stated, the fact that Docket No. 481 is not directly cited in the report is a non-material omission. The report, the parties' arguments and briefing, and the hearing all make clear that Magistrate Judge Payne considered and decided the status of *both* Simon's third-party claims and Defendants' motions for sanctions, fees, and costs against AlexSam. *See e.g.*, Docket No. 528; *see also, e.g.*, Docket No. 521 at 32:23–33:4 (ruling that the motions for fees and costs remains live (*i.e.*, Docket No. 481) and stating a report would issue concerning the indemnification claim (*i.e.*, Docket No. 482)). The report's omission of the docket number itself does not negate the fact that Magistrate Judge Payne provided a recommendation on the motion for sanctions, fees, and costs. This objection is without merit. *See Cook v. J. C. Penney Corp., Inc.,* No. 1:18-CV-316, 2019 WL 4781346, at *2 (E.D. Tex. Sept. 27, 2019) (finding objections without merit because they addressed inconsequential factual omissions and imprecise language that was non-material).

The remainder of AlexSam's objections repeat similar arguments to those it raised in its briefing and at the hearing when AlexSam addressed whether Defendants' respective motions for sanctions, fees, and costs were still pending. Objections that merely "reassert. . . previous arguments. . . are insufficient to state an objection"—such improper objections need not be considered. *Havens v. Mills*, No. 2:22-CV-00299, 2024 WL 21599, at *3 (S.D. Tex. Jan. 2, 2024). Magistrate Judge Payne considered these arguments and found that Defendants' motions for sanctions, fees, and costs

remain live. *See e.g.*, Docket No. 521 at 32:23–33:1. AlexSam identifies no error in Magistrate Judge Payne's reasoning, and, upon review of the record, the Court agrees with Magistrate Judge Payne that Defendants' motions for sanctions, fees, and costs against AlexSam remain live.

## II.     SIMON'S OBJECTIONS ARE SUSTAINED-IN-PART

Simon agrees with the report that Defendants' sanctions, fees, and costs motions are live, but it objects to the report's recommendation that Simon's indemnification claims against Blackhawk are no longer live. *See* Docket No. 530. Specifically, Simon contends that the dismissal of Simon's third-party claims as moot was erroneous. *Id.* at 3. Simon argues the Court should have addressed the merits of its indemnification claims on two grounds. First, Simon argues the report errs by stating that "the Amended Final Judgment dispensed with the infringement and invalidity claims from which the third-party claim derived its basis." *Id.* (quoting Docket No. 528 at 5). Simon argues that the third-party claims are not derived from the infringement and invalidity claims and are purely contractual. *Id.* at 3–5. Second, Simon objects to the report's determination that there was no intent to exclude the third-party claims from the Amended Final Judgment's dismissal. *Id.* at 5. Blackhawk responded that Simon's indemnification claim should be dismissed with prejudice because Simon did not timely move to correct the final judgment. *See* Docket No. 539.

The Court is not persuaded that the report is erroneous. First, the report's language stating that the "third-party claim derived its basis" from the infringement and invalidity claims is consistent with Simon's own representations to the Court. *See e.g.*, Docket No. 43 ¶ 4 ("The Court also has supplemental jurisdiction over SPG's state law claims under 28 U.S.C. § 1367(a) as the claims of this Third-Party Complaint are part of the same case or controversy as those in Alexsam's First Amended Complaint."); *see id.* ¶ 6 ("The venue requirements of 28 U.S.C. § 1391 and 1400(b) are satisfied because SPG's claims against Blackhawk arise from the same events or omissions forming the basis of Alexsam's lawsuit against SPG that is already pending in this Court, as well as from

Alexsam's lawsuit itself. . . ."); *see also* Docket No. 368 at 4 ("[T]here is overlap between the contract claims and infringement claims. . ..").

Simon raised the issue of its pending third-party claims as a reason to alter the original final judgment, albeit briefly. Docket No. 454 at 6.[3] But Simon did not object to the July 14, 2022 report's failure to address the third-party claims. *See* Docket No. 477. The Court agrees with Blackhawk to the limited extent that Simon should have objected at the time of that report if it believed the report needed to explicitly address the third-party claims or that the report's recommendation would result in an improper amendment to the final judgment.

Simon characterizes the dismissal as inequitable because Blackhawk has brought "mirror-image claims" in Delaware. Docket No. 530 at 4. This position is not persuasive given that the Amended Final Judgment dismisses Simon's indemnification counterclaim <u>without prejudice.</u> Moreover, at the hearing Simon admitted it could bring its indemnification claims in the currently-pending Delaware action. Accordingly, the Court's application of the Fifth Circuit's normal practice of dismissing collateral state law claims is not inequitable to Simon. *See W.R. Grace & Co. v. Cont'l Cas. Co.*, 896 F.2d 865, 870 (5th Cir. 1990) (quoting *Joiner v. Diamond M. Drilling Co.*, 677 F.2d 1035, 1041 (5th Cir. 1982)) ("[G]enerally, when the primary federal claim has been settled or dismissed before trial, the district court should dismiss any lingering ancillary state law claims."). Accordingly, Simon's objections are **OVERRULED-IN-PART** because there is no need to amend the Amended Final Judgment.

---

[3] Defendants' motions for sanctions, fees, and costs were mentioned even more briefly, but unlike the indemnification claims these pending motions were not provided as a basis for altering the final judgment.

Clarification of the Amended Final Judgment appears to be necessary, however, given Blackhawk's improper interpretation of its effect.[4] Blackhawk's misreading of the Amended Final Judgment does not change its plain language. The Amended Final Judgment states "[a]ll *counterclaims or other claims* and motions by any party not previously ruled on are hereby DENIED-AS-MOOT." Docket No. 478 at 1. "All counterclaims" encompasses both the invalidity and indemnification claims. *See id*. This is not a dismissal of these counterclaims with prejudice. When a court does not reach the merits of an issue, it has limited discretion in dismissing cases with prejudice because a "dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *In re Deepwater Horizon*, 922 F.3d 660, 666 (5th Cir. 2019) (internal quotations omitted). There is no dispute here that the Court did not resolve either Simon's or Blackhawk's indemnification arguments on the merits, and the Court is aware of no basis upon which it could justify dismissing Simon's indemnification claims with prejudice. Although amendment of the Amended Final Judgment remains unnecessary, Simon's objections are **SUSTAINED-IN-PART** to the extent that clarification was required.

### III.   CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Simon and AlexSam objected. See 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo*

---

[4] As far as the Court is aware, Blackhawk's argument that the Amended Final Judgment was dismissed with prejudice was raised for the first time during the objection period. Blackhawk did not raise the argument that the indemnification claim had been dismissed with prejudice in front of Magistrate Judge Payne (*see* Docket No. 521) and did not file a response or sur-reply to Docket No. 482. While Blackhawk's argument is untimely, and the report correctly addressed the subject matter before the Magistrate Judge, the Court takes this opportunity to clarify the Amended Final Judgment.

review, the Court has determined that the report of the Magistrate Judge is correct and the objections are without merit. Accordingly, it is

**ORDERED** that Simon's objections (Docket No. 530) are **SUSTAINED-IN-PART and OVERRULED-IN-PART** and AlexSam's objections (Docket No. 531) are **OVERRULED**. It is further

**ORDERED** that the report of the Magistrate Judge (Docket No. 528) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendants' Motion to Amend/Correct the Amended Final Judgment (Docket No. 481) is **GRANTED** as explained in the report and this order. It is further

**ORDERED** that Simon's Motion to Clarify and/or Amend the Amended Final Judgment (Docket No. 482) is **DENIED** as explained in the report and this order.

**So ORDERED and SIGNED this 24th day of September, 2024.**

*[Signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE